UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                       Case Number 11-20594

v.                                      Honorable David M. Lawson

GERALD LEE DUVAL, JR and JEREMY
DUVAL,

        Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE CERTAIN EVIDENCE, QUESTIONING, AND TESTIMONY

The defendants are charged with various offenses relating to manufacturing and distributing marijuana, maintaining a drug house, and firearms violations. The government has filed a motion *in limine* to prevent the defendants from offering evidence that tends to justify their marijuana growing activity and attacks the policy that makes the growing, possession, and use of marijuana illegal. The defendants responded to the motion and later filed a lengthy supplemental brief, which the government moved to strike. The Court believes that the supplemental brief should be filed and considered. The Court heard oral argument on March 27, 2012, and at the conclusion announced its decision from the bench granting in part and denying in part the motion. This order memorializes the Court's ruling.

I.

The defendants are charged with a number of drug and firearm crimes, including but not limited to conspiracy to manufacture marijuana, manufacture with intent to distribute marijuana, maintaining a drug premises, and possessing a firearm in furtherance of a drug trafficking crime.

During an earlier evidentiary hearing, Jeremy Duval testified that he and his sister are licensed by the State of Michigan to grow medical marijuana for up to five patients each. Before embarking on his venture, apparently Jeremy Duval sought and obtained advice from law enforcement officials about compliance with laws regulating marijuana growing activity. Up to now, the Duvals have not named a federal official who provided such advice, but they did identify a state law enforcement official who gave them advice. That individual turned out to be deployed to a joint federal-state drug task force and was working for the Drug Enforcement Administration.

In its motion, the government seeks to prevent the defendants from offering any evidence and making arguments on the following topics:

1. It is lawful to possess, manufacture, sell or distribute "medical marijuana" (or that defendants believed it was lawful).

2. Defendants were in compliance with Michigan state law regarding "medical marijuana" and the Michigan Medical Marijuana Act (MMMA) (or that Defendants believed they were in compliance or that their actions were lawful).

3. Defendants were ignorant of federal laws regarding marijuana and/or possession of firearms in furtherance of marijuana offenses.

4. Defendants were mistaken about federal laws regarding marijuana and/or possession of firearms in furtherance of marijuana offenses.

5. Marijuana has any legitimate medical value (or that Defendants believed it had legitimate medical value).

6. Marijuana should not be a Schedule I controlled substance.

7. Marijuana should not be illegal.

8. Defendants made efforts (consulting with an attorney, corresponding with state officials, research, etc.) to comply with marijuana laws.

9. Defendants or their customers were "medical marijuana" patients.

10. Defendants had a medical or humanitarian motive or justification for manufacturing and distributing marijuana.

The defendants have responded with several arguments indicating that they would like to champion the cause of legalizing marijuana, but their most persuasive assertions are that they have a right to present the defenses of entrapment by estoppel and necessity.

At oral argument, the defendants expressed their intention to raise the defenses of entrapment of estoppel, necessity, and medical necessity. They also stated that they intended to offer evidence that marijuana should not be a Schedule I controlled substance because it has legitimate medical value, they were ignorant of federal law, and they had patients that required the marijuana for medical reasons.

## II.

The main thrust of the government's argument is that the evidence it seeks to exclude is irrelevant to the charges in the indictment. Even though the threshold for relevancy under Federal Rule of Evidence 401 is quite low, *United States v. Whittington*, 455 F.3d 736, 738 (6th Cir. 2006) (noting that "[t]he standard for relevancy is 'extremely liberal.'" (quoting *Douglass v. Eaton Corp.*, 956 F.2d 1339, 1344 (6th Cir. 1992))), for many of the items listed, the Court is inclined to agree with the government. For instance, the government insists that evidence of Michigan's medical marijuana laws, the defendants' compliance with those laws, the defendants' medical marijuana patients's reliance on marijuana, and the defendants' ignorance of federal drug law are irrelevant because they do not make the existence of any fact likely to establish an element of the charges more or less likely. *See* Fed. R. Evid. 401. At oral argument, the defendants did not dispute that proposition. Instead, they argued that some of the evidence the government seeks to preclude is relevant to their defenses of entrapment by estoppel, medical necessity, and mistake of law.

-3-

A federal criminal trial is not a forum for a policy debate, especially the policy underlying the federal criminal drug laws. On the other hand, the defendants have a right to advance, or at least attempt to advance, legally-recognized defenses. *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (stating that "the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense" (internal quotation marks and citation omitted)). And their rights "to present relevant evidence" in support of those defenses is subject only to "reasonable restrictions." *United States v. Geisen*, 612 F.3d 471, 495 (6th Cir. 2010) (quoting *United States v. Scheffer*, 523 U.S. 303, 308 (1998)).

## A.

The defendants argue that some of the evidence the government seeks to exclude will support the defense of entrapment by estoppel. "The defense of entrapment by estoppel, recognized by the Supreme Court and several circuit courts, 'is based upon fundamental notions of fairness embodied in the Due Process Clause of the Constitution.'" *United States v. Ormsby*, 252 F.3d 844, 851 (6th Cir. 2001) (quoting *United States v. Levin*, 973 F.2d 463, 468 (6th Cir. 1992) (citations omitted)). To prove entrapment by estoppel, "a defendant must show that: (1) a government agent announced that the charged conduct was legal; (2) the defendant relied on the agent's announcement; (3) the defendant's reliance was reasonable; and (4) given the defendant's reliance, prosecution would be unfair." *United States v. Triana*, 468 F.3d 308, 316 (6th Cir. 2006) (citing *Levin*, 973 F.2d at 468).

The government predicts that the defendants cannot succeed in proving that defense because they will not be able to show that a *federal* official gave them misleading advice about *federal* law upon which they relied to their detriment. That, indeed, is a valid point. "When this defense is asserted with respect to a federal offense, representations or assurances by state or local officials

-4-

lack the authority to bind the federal government to an erroneous interpretation of federal law." *Ormsby*, 252 F.3d at 851 (citing *United States v. Brebner*, 951 F.2d 1017, 1026 (9th Cir. 1991); *United States v. Hurst*, 951 F.2d 1490, 1499 (6th Cir. 1991) (defendants charged under 18 U.S.C. § 1955 could not rely upon statements by state officials concerning state law to establish defense to federal offense)); *see also United States v. Kidwell*, 217 F. App'x 441, 447 (6th Cir. 2007) (rejecting entrapment by estoppel defense to federal drug charges where defendant relied on state court's probation condition that allowed him to grow marijuana for medical purposes). But a slim chance of success does not justify a ruling pretermitting the attempt.

What the government seeks, in essence, is an advance ruling on the viability of the defense of entrapment by estoppel without allowing the Court to hear the evidence. However, the rule governing pretrial motions instructs that only those "defense[s], objection[s], or request[s] that the court can determine without a trial of the general issue" may be raised before trial by motion. Fed. R. Crim. P. 12(b). The Court may not adjudicate the validity of a defense in advance of trial if doing so would "invade the province of the ultimate finder of fact." *United States v. Jones*, 542 F.2d 661, 664 (6th Cir. 1976). According to Rule 12(b), "a defense is capable of determination [only] if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *Id.* at 665 (internal quotations omitted)). That rule ought to apply to proving the defense of entrapment by estoppel, which is a fact-intensive enterprise. *See Levin*, 973 F.2d at 471-73 (Martin, J., dissenting); *see also United States v. Knox*, 396 U.S. 77, 83 (1969) (reversing indictment's dismissal based on duress defense and, citing Rule 12(b)(1), stating that "the question whether Knox's predicament contains the seeds of a 'duress' defense, or perhaps

whether his false statement was not made 'willfully' as required by s 1001, is one that must be determined initially at his trial").

The defendants are entitled to attempt to prove their defense. They say, for now, that they relied on the statements of a Monroe County sheriff deputy about the legality of their operation. Perhaps they relied on others. The sheriff deputy has testified at a pretrial hearing in this case that he was working as part of a joint task force operation with the DEA. Perhaps the defendants will be able to offer evidence that the deputy spoke with the authority of the federal government or led the defendants to believe that he did. The way the Court understands it, the defendants will describe their understanding that if they complied with Michigan's medical marijuana laws, they would not be prosecuted by any government authority. Consequently, proof of compliance with those state laws would necessarily be part of their defense. So would the conversations they had with the "authorities" upon which they allegedly relied. It is certainly possible that none of those proofs will materialize, in which case the jury will not be instructed on the entrapment by estoppel defense. And wisdom may suggest a different course, as well. But the defendants should not be frustrated in the *attempt* to bring their defense to the trial.

B.

The defendants also believe that some of the evidence the government seeks to exclude is relevant to prove the defense of necessity. Gerald Duval's attorney argued that Gerald suffers from several ailments that can only be treated with marijuana, and using that drug is necessary to address his pain and other symptoms. The defendants also intend to offer evidence that their other patients need the drug.

However, the Supreme Court has made clear that "medical necessity is not a defense to manufacturing and distributing marijuana." *United States v. Oakland Cannabis Buyers' Co-op.*, 532 U.S. 483, 494, & n.7 (2001) ("[T]he very point of our holding is that there is no medical necessity exception to the prohibitions at issue, even when the patient is 'seriously ill' and lacks alternative avenues for relief."); *see also United States v. Henry*, --- F.3d ---, 2012 WL 745536, at *5-6 (4th Cir. 2012). Therefore, the Court will bar the introduction of evidence for the purpose of establishing a necessity defense.

<div align="center">C.</div>

The defendants also argue that they were mistaken about the prospect of their activity violating federal law when they were in compliance with state law. Once again, however, mistake of law is not a valid defense to criminal prosecution except "where the defendant's knowledge of the lawfulness of his conduct is an express element of the offense, including where the defendant has been charged under a 'highly technical statute[ ] that present[s] the danger of ensnaring individuals engaged in apparently innocent conduct.'" *United States v. Javaherpour*, 78 F. App'x 452, 455 (6th Cir. 2003) (quoting *Bryan v. United States*, 524 U.S. 184, 194 (1998)). Knowledge of the lawfulness of the conduct is not an element to any of the charges in this case. *Id.* at 455-56 ("In a criminal statute, 'the term "knowingly" merely requires proof of knowledge of the facts that constitute the offense.'" (quoting *Bryan v. United States*, 524 U.S. 184, 193 (1998))).

Mistake of law cannot be a valid defense to the charges in this case, unless that mistake is provoked by a misleading statement made with the authority of the federal government. If such a statement was made, the defendants still would have to establish the other elements of the

<div align="center">-7-</div>

entrapment-by-estoppel defense.    The Court will preclude evidence and testimony of the defendants' ignorance of the law insofar as such evidence is not part of that recognized defense.

### D.

The defendants also contend that much of the other evidence the government seeks to exclude is necessary to allow the defendants to tell their story.  The Court interprets that argument as a thinly-veiled effort to offer evidence that would invite jury nullification.

The defendants are not entitled to offer evidence and testimony for the sole purpose of inviting jury nullification.  *United States v. Castro*, 411 F. App'x 415, 420 (2d Cir. 2011); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) ("A trial judge . . . may block defense attorneys' attempts to serenade a jury with the siren song of nullification . . . ."); *United States v. Scarmazzo*, 554 F. Supp. 2d 1102, 1108 (E.D. Cal. 2008) ("It is appropriate to exclude evidence and argument to the jury related to medicinal use of marijuana, introducing evidence or arguing jury nullification.").  Therefore, the Court will not allow evidence or testimony that marijuana has any medical value, should not be a Schedule I controlled substance, otherwise should be legal, or that the defendants had a medical or humanitarian motive for manufacturing and distributing marijuana, as the Court sees no purpose for that evidence other than to ask the jury to acquit despite proof of the elements of the crimes beyond a reasonable doubt.

### E.

The government also contends that even if any of the evidence is relevant to prove a valid defense, it is unfairly prejudicial because the jury might take it to mean that no conviction should befall medical marijuana growers.  "Relevant evidence 'may be excluded if its probative value is *substantially* outweighed by the danger of *unfair* prejudice.'"  *Whittington*, 455 F.3d at 739 (quoting

Fed. R. Evid. 403). This Court has explained that "the concept of 'unfair prejudice' embraces two distinct notions:"

> First, when the evidence may tend to prove more than one proposition and thus could be considered for both a proper and an improper purpose, unfair prejudice can result when the improper purpose overwhelms or substantially overshadows any legitimate basis for receiving the evidence. *See United States v. Vandetti*, 623 F.2d 1144, 1149 (6th Cir. 1980) (quoting Advisory Comm. Note to R. 403, stating, "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one"). Second, unfair prejudice can result when evidence that is only marginally probative tends to be given preemptive weight by the jury substantially out of proportion to its logical force. *See Sutkiewicz v. Monroe Cnty. Sheriff*, 110 F.3d 352, 360 (6th Cir. 1997) (stating that "[o]therwise relevant evidence may permissibly be excluded if it serves to inflame the passions of the jury"); *Vandetti*, 623 F.2d at 1149 (observing that evidence of a witness's invocation of his Fifth Amendment right before the jury raised "a real danger that . . . [it] may be given undue weight" to the evidence "although it is entitled to none in the law").

*Dresser v. Cradle of Hope Adoption Ctr., Inc.*, 421 F. Supp. 2d 1024, 1030 (E.D. Mich. 2006); *see also Old Chief v. United States*, 519 U.S. 172, 180 (1997) (quoting Advisory Committee's Notes on Fed. R. Evid. 403). Applying Rule 403 necessarily contemplates a balance that is weighted in favor of admissibility, with the countervailing forces being the strength of the evidence's legitimate value and the tendency of the evidence's improper purpose(s) to overwhelm it. Evaluation of legitimate probative value requires consideration of the strength of the evidence itself, whether the evidence may be the only available proof of a material point, and whether the focus of the proof is genuinely in issue, among other things. The Court believes that those factors are most effectively assessed in the context of the other evidence presented at trial.

### F.

The Court concludes that evidence that may have a bearing on the defense of entrapment by estoppel ought not be excluded. Evidence that likely would have *no* bearing on that defense

probably includes evidence of the defendants' ignorance of or mistakes about federal marijuana laws, marijuana's medical value, whether marijuana should be Schedule I controlled substance or otherwise should be legal, and the defendants' humanitarian motive for manufacturing and distributing marijuana. The Court will grant the government's motion to exclude that evidence.

<div align="center">III.</div>

After the Court's bench ruling, the government suggested that the trial — now scheduled to begin April 10, 2012 — might have to be delayed so the government could seek permission from the Solicitor General to file an interlocutory appeal. The Court certainly does not discourage the government or any party to file an appropriate challenge to the Court's rulings. However, the authorizing statute allows the government to take an interlocutory appeal "to a court of appeals from a decision or order of a district court *suppressing or excluding* evidence." 18 U.S.C. § 3731 (emphasis added). There is no authority for an interlocutory appeal from an adverse decision *admitting* evidence. *See United States v. W.R. Grace*, 526 F.3d 499, 505 (9th Cir. 2008); *cf. United States v. Shameizadeh*, 41 F.3d 266, 267 (6th Cir. 1994). In addition, "the United States attorney [must] certif[y] to the district court that the appeal is not taken for purpose of delay and that the [excluded] evidence is a substantial proof of a fact material in the proceeding." 18 U.S.C. § 3731.

The Court does not believe authority exists for the government to file an interlocutory appeal of an order denying its motion *in limine* that will postpone the commencement of trial when the challenge is to the possible admission of evidence. The Court, therefore, will not countenance delay from such an effort.

<div align="center">-10-</div>

IV.

For the reasons discussed above and on the record, the Court finds that some of the proposed evidence challenged by the government ought to be excluded at trial, and other evidence should be allowed because it is or may be relevant to a legally-recognized defense.

Accordingly, it is **ORDERED** that the government's motion *in limine* to preclude certain evidence, questioning, and testimony [dkt. #21] is **GRANTED IN PART AND DENIED IN PART** for the reasons stated on the record and above.

It is further **ORDERED** that the defendants are precluded from offering evidence, questioning, and testimony regarding the following subjects:

(a)     defendants' ignorance of federal laws regarding marijuana and possession of firearms in furtherance of marijuana offenses;

(b)     defendants' mistake about federal laws regarding marijuana and possession of firearms in furtherance of marijuana offenses;

(c)     marijuana's medical value and defendants' belief of marijuana's medical value;

(d)     whether marijuana should be Schedule I controlled substance;

(e)     whether marijuana should be illegal; and

(f)     defendants' humanitarian motive for manufacturing and distributing marijuana.

It is further **ORDERED** that the government's motion *in limine* is **DENIED** in all other respects.

It is further **ORDERED** that the government's motion to strike defendants' supplemental brief [dkt. #51] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   March 30, 2012

<div style="border:1px solid black; padding:10px;">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 30, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL

</div>